**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | | |
|---|---|---|
| FABIAN GREY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 9:18-cv-01764-DCN |
| vs. | ) | |
| | ) | **ORDER** |
| KEN CUCCINELI,[1] ACTING DIRECTOR, | ) | |
| UNITED STATES CITIZENSHIP AND | ) | |
| IMMIGRATION SERVICES, and UNITED | ) | |
| STATES CITIZENSHIP AND IMMIGRATION | ) | |
| SERVICES, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The following matter is before the court on plaintiff Fabian Grey's ("Grey")

motion to compel a Vaughn index, ECF No. 33. For the reasons set forth below, the

court denies the motion without prejudice.

## I.  BACKGROUND

This matter arises out of Grey's application for naturalization. Grey is Jamaican

citizen who first entered the United States on a work visa on November 30, 2005. On

February 2, 2006, Grey married a United States citizen, Trinia Smalls ("Smalls"), and

Smalls petitioned for a marriage-based green card for Grey. Based on this petition, Grey

became a conditional lawful permanent resident in January 2007. About two years later,

Grey and Smalls petitioned to have the condition on Grey's residency removed, which

---

[1] Acting Director Ken Cuccinelli is automatically substituted for former Director
L. Francis Cissna, who resigned effective June 1, 2019. Fed. R. Civ. P. 25(d).

the United States Citizenship and Immigration Services ("USCIS") granted, making Grey a permanent resident.

On February 17, 2016, Grey filed an application for naturalization. After a substantial delay in a decision on his application, Grey filed this suit on June 27, 2018 asking the court to declare him eligible for naturalization and order USCIS to naturalize him pursuant to 8 U.S.C. § 1447(b), and then subsequently amended his complaint to add a cause of action seeking an order compelling USCIS to respond to his pending FOIA request pursuant to 5 U.S.C. § 552(a)(4)(B). At the beginning of August 2018, USCIS issued a Notice of Intent to Deny ("NOID") to Grey, indicating that it intends to deny Grey's naturalization application and providing Grey 30 days to respond with evidence that his application should not be denied. USCIS then filed a motion to remand Grey's application for naturalization to USCIS for adjudication, which the court denied.

Relevant to the instant motion, Grey filed a Freedom of Information Act ("FOIA") request on June 26, 2018 while the decision on his naturalization application was pending. Grey's request included various requests related to Grey's Alien Registration File as well as USCIS documents related to Jamaican nationals seeking marriage-based immigration benefits and USCIS materials related to marriage fraud. USCIS responded to the request on October 15, 2019. Grey states that normally FOIA responses are sent in a digital format, but that the response to Grey's request was a paper copy. The response is 642 pages long, but USCIS withheld 187 pages on the basis of various FOIA exemptions. On November 29, 2019, Grey filed a motion to compel a Vaughn Index.

ECF No. 33. USCIS responded on December 13, 2019, ECF No. 38, and Grey did not reply. Therefore, the motion is ripe for review.

## II. DISCUSSION

Grey asks the court to compel USCIS to produce a Vaughn index that justifies the withholding of 187 records responsive to Grey's FOIA request. Grey argues that USCIS has not provided sufficient information for Grey to test any claimed exemption. In response, USCIS claims that Grey's motion is premature, as Vaughn indices are generally appropriate only after motions for summary judgment, accompanied by declarations, are found to be insufficient. USCIS explains that it will file a motion for summary judgment with a supporting declaration by February 28, 2020, that Grey agreed to this date, and that USCIS will agree to an extension of time for Grey to respond to the motion.

When a party alleges that the government is improperly withholding documents under a FOIA exemption, a Vaughn index "enable[s] a district court to rule on whether [the documents] fall within an exemption." Ethyl Corp. v. U.S. Envt'l Protection Agency, 25 F.3d 1241, 1244 n.1 (4th Cir. 1994). A Vaughn index "is a detailed index showing justification for withholding each document." Miscavige v. IRS, 2 F.3d 366, 367 (11th Cir. 1993) (citing Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973)). The purpose of a Vaughn index is to both "to inform the requester of the agency's conclusion that a particular document is exempt from disclosure under one or more of the statutory exemptions" and "afford the requester an opportunity to intelligently advocate release of the withheld documents and to afford the court an opportunity to intelligently judge the contest." Wiener v. FBI, 943 F.2d 972, 979 (9th Cir. 1991).

"Regarding the issue of when during litigation a Vaughn index should be filed, i.e., at the summary judgment stage or earlier, there is no general consensus among the courts that have considered the issue." Keeper of Mountains Found. v. U.S. Dep't of Justice, 2006 WL 1666262, at *2 (S.D.W. Va. June 14, 2006). Some courts have found that filing a Vaughn index prior to the filing of dispositive motions is premature. Miscavige, 2 F.3d at 369 (noting that attempts to obtain Vaughn indices are inappropriate until after the government provides the court with the necessary information to determine if exemptions apply through a dispositive motion); Stimac v. U.S. Dep't of Justice, 620 F. Supp. 212, 213 (D.D.C. 1985) (finding that "the preparation of a Vaughn Index would be premature before the filing of dispositive motions" because the court's resolution of motions could moot the need for a Vaughn index); Thompson v. United States, 2010 WL 231782, at *2–3 (E.D. Va. Jan. 19, 2010) (deciding that it would be improper to compel the production of a Vaughn index prior to the government's motion for summary judgment and instead ordering the government to file a Vaughn index with its motion for summary judgment).

Other courts have looked at the effect of waiting to file a Vaughn index and found it to be equitable to require its filing before dispositive motions. See Providence Journal Co. v. U.S. Dep't of Army, 769 F. Supp. 67, 69 (D.R.I. 1991) (finding the argument that the defendant must file dispositive motions before filing a Vaughn index to be "insufficient and sterile," especially when the defendant has not indicated when it plans to file a dispositive motion); Keeper of Mountain Found., 2006 WL 1666262, at *2 (granting plaintiff's motion for Vaughn index prior to any filing of dispositive motions in part because it "may facilitate a narrowing of the issues and a reduction in the number of

documents as to which there is a bonafide dispute."); <u>Hansen v. U.S. Dep't of Air Force</u>, 1991 WL 199748, at *1 (D.D.C. Apr. 15, 1991) (noting that when the government seeks time to file a dispositive motion, "[i]t would be unfair to allow the [g]overnment months to prepare its case and then force the [plaintiff] to formulate [its] entire case within the two weeks [it] have to respond to that motion.").

Here, the court finds it appropriate to wait and determine the necessity of a Vaughn index after summary judgment briefing is complete. USCIS plans to file a motion for summary judgment in just over a month, and the court will be better equipped to consider this issue after it reviews the sufficiency of any declarations accompanying USCIS's motion. Moreover, the court's resolution of USCIS's motion could moot the need for a Vaughn index. Finally, USCIS agrees to providing Grey more than 14 days to respond to the motion, which addresses the concern that Grey would be prejudiced by a short amount of time to respond to a case that USCIS spent months building. Therefore, the court denies Grey's motion to compel without prejudice. Grey can refile his motion to compel after summary judgment if need be. If Grey would like to request an extension of time to respond to USCIS's motion for summary judgment, Grey should file a motion for an extension of time to respond after USCIS files its motion, and the court will consider Grey's motion to be unopposed.

### III.   CONCLUSION

For the reasons set forth above, the court **DENIES WITHOUT PREJUDICE** the

motion to compel a Vaughn Index.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**January 22, 2020**
**Charleston, South Carolina**